## Daddessa v. Daddessa

*Raymond L. Brennan,* for libellant.

PAUL, J., June 7, 1943.—Libellant filed a libel in divorce in which he alleged that he and respondent were married October 8, 1909, in Sturmo, Province of Avellino, Italy, and at the time of their marriage they were both citizens of Italy. Since February 3, 1919, libellant has been a citizen of the Commonwealth of Pennsylvania and at present is residing in the Borough of Minersville, Schuylkill County, Pa. The present actual residence of respondent is unknown, but the last known residence was Sturmo, Province of Avellino, Italy. The libel then charges respondent with desertion dating from May 13, 1913. Service was made upon respondent by publication.

"Where respondent in a divorce action was a resident of Germany, and where service upon her was had by publication, and where the notice of the master's hearing was returned to the master undelivered because it was addressed to a person in an enemy or enemy-occupied country, it was held that the service by publication was sufficient and that the action could proceed": Jageler v. Jageler, 59 Montg. 164, syllabus, 47 D. & C. 699.

The master proceeded with the hearing. The only witness that testified was libellant. He testified that he has been living in Minersville since November 1923; that he and respondent were married October 9, 1909, in Sturmo, Province of Avellino, Italy; that he and his wife at that time were citizens of Italy; that three children were born as the result of the marriage, two of whom are dead and the whereabouts of the other are unknown; that he charges his wife with desertion since May 13, 1913. He then testified to the circumstances of the alleged desertion. He stated that he came to America in 1913 and right after he came over he wrote to her and stated that he had a home for her and she never answered him. He stated that he wrote to her repeatedly requesting her to come to America to live with him but he never received any answers to these

communications. He stated that he told her to get ready to come to America and he would provide transportation for her when she told him she was ready to sail but she never answered. He stated that he also wrote to her father, who wrote to libellant in 1916 stating that she was dead. He also testified that prior to the time he left Italy there was an agreement with his wife that when he arrived in America and found employment she could come to America and reside with him. The above is the substance of the testimony.

It is, therefore, evident that up to the time libellant left Italy respondent did not desert libellant. In fact, libellant does not charge her with desertion until a later date, when he says that he wrote a letter to her which she did not answer. Libellant contends that because she did not answer that letter and come to America he should be granted a decree of divorce on the ground of desertion. Libellant simply testifies that he wrote a letter to her "about May 13, 1913", stating that he had a home for her but she never answered. He does not testify where he was living, with whom he was living, or the kind of a home he had. In fact, there is no testimony whatever that respondent even received his letter. He himself testifies that the only answer he ever received was from her father in 1916 stating that she was dead. He presumes from the fact that he sent a letter about May 13, 1913, that she received it and, since she did not come to America, she is guilty of desertion as of the date he sent the letter. Under no circumstances could she be guilty of desertion on that date. She certainly could not refuse his request before she received it.

In any event, the burden is on libellant to show that respondent refused, without cause, to change her residence and the evidence to establish that her refusal was wilful and malicious must be clear and satisfactory. The first proposition, therefore, is whether she ever received a letter from libellant with a request she could

refuse. There is no testimony of that whatever. There is only the presumption that she received it because he says that he sent it. On the other hand, if it be presumed that respondent did receive the letter, then there is the proposition of the necessity of the wife leaving her home in a foreign country. The right which a husband exercises in the selection of a place of abode or domicile is not an entirely arbitrary power. He must have due regard for the health, welfare, comfort, and peace of mind of his wife. There is nothing in the record to show why respondent did not come to this country. The record does not show whether she was afraid of the ocean trip, whether she was sick, whether she refused to come, or whether she was dead.

"Fact that a wife does not accompany her husband from Europe to seek a new home in America does not of itself indicate willful and malicious desertion, and other circumstances may rebut presumption of intention to desert": Borozan v. Borozan, 29 Luz. L. R. 176, syllabus.

The lower courts have even gone to the extent of holding that the mere refusal of a wife to leave her home in a foreign country and join her husband in this country is not such a desertion as will authorize a divorce.

"A divorce on the ground of desertion was refused where libellant testified that he left his wife in Austria and came to America with the understanding that she was to follow him to this country. He sent her money but she never came. This would not support a decree": Zivcic v. Zivcic, 66 Pitts. 502, syllabus. See also Job v. Job, 73 Pitts. 447, and Shipman v. Shipman, 5 Kulp 370.

The testimony in this case fails to prove that respondent wilfully and maliciously deserted libellant.

And now, June 7, 1943, the decree of divorce is refused and the libel is dismissed.